UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON WINDOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00107-JRS-DLP |
| ) | |
| WARDEN, WABASH VALLEY ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Aaron Windom, an inmate of the Indiana Department of Correction, has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction under prison case no. WCC 20-05-0208. For the reasons explained below, the habeas petition is **DENIED**.

**I. LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. BACKGROUND

Aaron Windom was found guilty of battering a correctional officer. According to the conduct report, he punched Sgt. B. Lunsford seven times on April 17, 2020. Dkt. 11-1. The battery occurred at Pendleton Correctional Facility. *Id.* Mr. Windom was later transferred to Westville Correctional Facility. He was at Westville when he received notice of the charge on May 13, 2020, and when he was found guilty at a disciplinary hearing on May 15, 2020. *See* dkts. 11-3, 11-6.

Sgt. Cooke served as the disciplinary hearing officer. Dkt. 11-6. She and Mr. Windom's lay advocate were Pendleton officials, and they traveled to Westville for purposes of the disciplinary hearing.

At the disciplinary hearing, Mr. Windom faulted prison officials for tasing him during the battery and said that he did not remember anything. Dkt. 11-6. Sgt. Cooke found Mr. Windom guilty based on staff reports, surveillance video, and photographs. *Id.* Mr. Windom received a loss of 2400 days of earned credit time, a demotion in credit-earning class, and an award of restitution. *Id.*

Mr. Windom submitted a facility-level appeal and a department-level appeal of his disciplinary conviction. *See* dkts. 11-11, 11-12. He made the following arguments in his facility-level appeal:

> I challenge the integrity of this conduct report [because] this report was written at [Pendleton] on 4-22-20 at 10:05 a.m. The case number is WCC 20-05-208. The 208th report written at [Westville] in the month of May. On 4-22-20 I received a report at [Pendleton] which was written on the same day (4-22-20) but logged at 10:50 a.m. by Ofc. Parrott. The case number is ISR 20-04-239 due to the fact that it was written 45 minutes before. This conduct report was not properly written or logged at its proper time and all sanctions / guilty findings should be rescinded due to procedural error, violation of due process, and DOC policy.

Dkt. 11-11.

Mr. Windom's department-level appeal reiterated these arguments and also argued that a prison official falsified some of his disciplinary documents. Dkt. 11-12. Although both appeals use the term "due process," neither appeal articulates a specific due process violation. *Id.*; dkt 11-11.

Mr. Windom's habeas petition reiterates the same grounds for relief that he presented in his facility-level appeal and in his department-level appeal. *See generally* dkt. 2. The petition also claims that his disciplinary sanctions, including the restitution award, were excessive and that he was denied the right to an impartial decisionmaker. *Id.* at pp. 6-7. The petition summarily refers to "Equal Protection Violations" but does not articulate an equal protection violation.

The petition acknowledges that Mr. Windom failed to raise issues about the restitution award in his administrative appeals and argues that this failure should be excused because he was not aware of that violation at the time he submitted those appeals. *Id.* at 8. The petition does not address any potential exhaustion issues for his other claims.

The respondent argues that Mr. Windom failed to exhaust many of his claims. Although the respondent agrees that Mr. Windom exhausted his claim regarding the integrity of the conduct report, the respondent argues that all of Mr. Windom's other claims are procedurally defaulted. *See* dkt. 11, pp. 11-13.

Mr. Windom's reply does not address the respondent's exhaustion argument. Instead, the reply reiterates the arguments Mr. Windom made in his petition. The reply includes a legal standard for equal protection violations but fails to explain how Mr. Windom was treated differently from similarly situated individuals as a result of his membership in a protected class. *See* dkt. 20, p. 3.

### III. DISCUSSION

For the reasons explained below, the Court finds that many of Mr. Windom's claims are procedurally defaulted, and his remaining claims are without merit.

**A. Procedural Default**

Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). A claim raised in a disciplinary habeas petition is procedurally defaulted when the petitioner failed to exhaust his available administrative appeals and the time to do so has expired. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The only issues Mr. Windom raised in his facility-level appeal *and* in his department-level appeal concern the "integrity of this conduct report." *See* dkt. 11-11. Because the time to raise additional issues through the administrative appeals process has expired, all other claims are procedurally defaulted. *See* dkt. 11-14, p. 53 (inmates must submit facility-level appeal within 15 calendar days of the date of the disciplinary hearing or receipt of the report of disciplinary hearing).

Mr. Windom has not shown that his failure to exhaust should be excused. His petition does argue that he was not able to raise issues about restitution in his administrative appeals because he was not aware of the violation at the time. *See* dkt. 2, p. 8. But to qualify for habeas relief, an inmate must show that he is in custody in violation of federal law. *See* 28 U.S.C. § 2254(a); *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010). Orders of restitution do not satisfy the "in custody" requirement. *See Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). Thus, Mr. Windom cannot

prevail in this action on any due process violations arising from the restitution award, and his request to excuse his procedurally defaulted restitution claim is therefore denied as moot.

And, for the foregoing reasons, Mr. Windom's claims about fraudulent disciplinary documents, excessive sanctions, the right to an impartial decisionmaker, and the right to equal protection are **DENIED**.

### B. Conduct Report

Mr. Windom argues that prison officials violated the department's adult disciplinary policy when they drafted and submitted the conduct report in this case. He argues that the conduct report was not logged properly; that the conduct report was logged 21 days after it was written; that the case number was "given at different facility of origin"; and that he was given the conduct report on the day of the screening on May 13, 2021. Dkt. 2, p. 2.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus

review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, Mr. Windom's request for relief on this ground is **DENIED**.

### IV. CONCLUSION

For the reasons explained above, Mr. Windom's petition for a writ of habeas corpus is **DENIED**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 12/19/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON WINDOM
109441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov